**John Charles BINS d/b/a Lisbon Avenue Garage, Plaintiff,**

v.

**Richard E. ARTISON, Sheriff of Milwaukee County, Deputy Pinter, Milwaukee County Sheriff's Deputy, Jerome Casper and Rowell's Towing Service a/k/a Rowell's Central Towing, Inc., Defendants.**

No. 88–C–636.

United States District Court, E.D. Wisconsin.

May 20, 1991.

**130**

No appearance by plaintiff.

Riordan, Crivello, Carlson, Mentkowski & Steeves by Patrick W. Brennan, Milwaukee, Wis., for Casper and Rowell's Towing.

Robert G. Ott, Corp. Counsel by Mary Ellen Poulos, Principal Asst. Corp. Counsel, Milwaukee, Wis., for Artison and Pinter.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The above-captioned action has been returned to this court following the unsuccessful appeal of defendants Richard Artison, Sheriff of Milwaukee County, and James Pinter, a Milwaukee County deputy sheriff, from an adverse judgment. Defendants Jerome Casper and Rowell's Towing Service (hereafter collectively referred to as a single entity, "Rowell's Towing Service"), who successfully defended their judgment on appeal, have now filed a "Motion to Award Judgment for Attorney Fees and Costs Incurred on Appeal and Interest on Judgment." The motion will be granted.

### I.

On September 11, 1989, following a bench trial, judgment was entered awarding the plaintiff, John Bins, $6,600 in damages under 42 U.S.C. § 1983, *see Bins v. Artison*, 721 F.Supp. 1034 (E.D.Wis.1989) (decision and order). On December 20, 1989, the judgment was amended to reflect the court's finding that defendants Artison and Pinter, who had been sued in their official capacities as officers of Milwaukee County, were obligated to indemnify defendant Rowell's Towing Service for the legal fees incurred in the unsuccessful defense of the action, under Wis.Stat. § 895.46(1)(a). Defendants Artison and Pinter then appealed. On February 4, 1991, the court of appeals for the seventh circuit issued an unpublished order affirming the portion of the judgment that required defendants Artison and Pinter to indemnify Rowell's Towing Service.

In affirming the judgment, the court of appeals issued the following assessment of this court's decision to require defendants Artison and Pinter to indemnify Rowell's Towing Service under Wis.Stat. § 895.46(1):

... Artison and Pinter insist that Casper and his firm did not comply with Wis. Stat. § 893.80(1), which requires a person seeking money from a governmental body to file timely notice and make a formal "claim".

Perhaps these hurdles would bar recovery under that law, but § 893.80 was not the basis of the district court's award. Another statute, § 895.46(1)(a), says that "[r]egardless of the results of the litigation [against a public official] the governmental unit, if it does not provide legal counsel to the defendant officer or employee, shall pay reasonable attorney fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment." This operates independently of § 893.80. Section 895.46 contains its own notice rule: "Failure by the officer or employee to give notice to his or her department head of an action ... as soon as reasonably possible is a bar to recovery ...". Unsurprisingly, Artison does not invoke this statute. He *is* the department head, and it was he who added Casper to the case.

Milwaukee County required Casper and firm [Rowell's Towing Service] to defend themselves, and they demand recompense under § 895.46. Although this text mentions only an "officer or employe", the immediately preceding sentence says that "[a]gents of any department of the state shall be covered by this section while acting within the scope of

their agency." This means that agents are treated *as if they were* officers or employees under the section.

Milwaukee insists, however, that Casper and the towing service were not its agents, and at all events were not agents "of any department of the state". The district court resolved the former issue against the County on the facts. The record shows that Casper towed the car at the express request of a deputy sheriff and held it at the County's disposal. There is apparently a longstanding pattern of cooperation. Casper sold the car only when no one would pay accumulated charges. The conclusion that he was an "agent" of the sheriff, and hence of the County, is not clearly erroneous.

All that is left is the contention that Casper was an agent of *the County* and not of "any department of the state". The district judge, steeped in Wisconsin law as we are not, read this language differently. No state case construes § 895.46 as applied to agents' claims for legal fees, so the only opinion we have to go on is the district judge's, and we have no basis for doubting the reading by this former member of the Supreme Court of Wisconsin. Judge Gordon concluded that political subdivisions of Wisconsin are "departments" of the state in the pertinent sense. This is sensible. Section 895.46 requires indemnification of state and local employees. It would serve no purpose (Milwaukee suggests none) to confine the coverage of agents to those engaged by statewide departments. Other portions of the text sound as if the subsection is limited to state officials, see especially the last sentence of § 895.46(1)(A), yet the first sentence unambiguously provides that the "state *or political subdivision of which the defendant is an officer or employee*" (emphasis added) must satisfy the judgment. We therefore agree with the district court that Casper was an agent of "a department of the state" within the meaning of § 895.46(1)(a).

*Bins v. Artison*, 924 F.2d 1061 (7th Cir. 1991) (unpublished order), *affirming in part and vacating in part*, 721 F.Supp. 1034 (E.D.Wis.1989).

II.

■ Defendants Artison and Pinter are obligated to indemnify Rowell's Towing Service under Wis.Stat. § 895.46(1) for the attorney's fees and costs it incurred in the defense of this action at trial. Indeed, the mandate of the court of appeals (with emphasis added) provides that Milwaukee County is obligated to pay the legal fees Casper and Rowell's Central Towing *incurred in defending this action.*"

However, the appeal of defendants Artison and Pinter created still more legal expenses for Rowell's Towing Service, which "had no choice but to incur [additional attorney's fees and costs] or forfeit [its] victory in the district court." *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir.1988). Accordingly, the court finds that Rowell's Towing Service's legal fees incurred in defending the appeal are also properly viewed as legal fees "incurred in defending this action." Wis.Stat. § 895.46(1). Defendants Artison and Pinter have been unable to direct the court to any authority demonstrating that Wis.Stat. § 895.46(1) does not apply to "reasonable attorney fees and costs of defending the action" *on appeal.* Nor have defendants Artison and Pinter suggested that such a ruling would contravene the mandate of the court of appeals. Therefore, the court concludes that Rowell's Towing Service is entitled to recover from defendants Artison and Pinter "reasonable attorney fees and costs of defending the action" on appeal, just as it was at trial.

III.

■ As a general rule, a party who has prevailed before the court of appeals should bring its request for appellate attorney's fees and costs to the attention of the court of appeals, *see Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir.1988) (appellate court "need not require the district court to make the determination" of entitlement to appellate attorney's fees). Nevertheless, "a petition on entitlement to appellate at-

torneys fees may be filed either in the district court or court of appeals." *Ekanem v. Health and Hospital Corporation of Marion County, Indiana,* 778 F.2d 1254, 1257 (7th Cir.1985). That being so, the court deems it proper to undertake an assessment of the reasonableness of the appellate legal fees incurred by Rowell's Towing Service.

■ However, as a practical matter, a *trial* court given the task of assessing the reasonableness of legal fees incurred on *appeal* is likely to encounter some difficulties. However, defendants Artison and Pinter have provided this court with virtually no assistance. In fact, they have not challenged the reasonableness of the attorney's fee request set forth by Rowell's Towing Service, having instead opted exclusively to challenge the propriety of *any* award of fees and costs.

I believe that the matters on appeal were relatively narrow and did not call for a great deal of legal research above and beyond that already completed during the original proceedings in this court. The merits of the case had previously been the subject of extensive briefing in this court; motions to dismiss and for summary judgment had already been resolved by this court prior to the bench trial. The plaintiff was not even a party to the appeal, and the court of appeals characterized the appeal as one simply involving a dispute about legal fees. The only live controversy before the court of appeals was whether Rowell's Towing Service was entitled to indemnification from defendants Artison and Pinter under Wis.Stat. § 895.46(1).

Upon a review of the record, I find that it was unreasonable for the law firm employed by Rowell's Towing Service to invest over 75 hours of attorney time to defend the appeal. Accordingly, the court will allow $5,000 as attorney's fees for Rowell's Towing Service rather than the requested amount of $7,269. The costs requested by Rowell's Towing Service have not been challenged by defendants Artison and Pinter; the court finds that costs of $588.18 are reasonable. The court also concludes that an award of attorney's fees

and costs greater than those specified above would not be "reasonable" under the circumstances. Therefore, the total award of fees and costs will be $5,588.18; this award of legal fees is made pursuant to the indemnification statute, Wis.Stat. § 895.46(1).

## IV.

■ In its motion, Rowell's Towing Service also asserts that it should be awarded interest on its existing judgment against defendants Artison and Pinter from the date that judgment was entered, December 20, 1989, to the date the judgment is satisfied. The motion would seem to be unnecessary, given the language of the federal statute governing the accrual of interest on judgments in the district courts, 28 U.S.C. § 1961(a): "Interest shall be allowed on any money judgment in a civil case recovered in a district court." Nevertheless, there is no question that Rowell's Towing Service is entitled to the post-judgment interest it seeks—irrespective of the court's doubts as to whether its formal motion was necessary. The rate of interest will be determined by the clerk of court in accordance with 28 U.S.C. § 1961.

## V.

Therefore, IT IS ORDERED the defendants Casper and Rowell's Towing Service's motion be and hereby is granted.

IT IS ALSO ORDERED that defendants Artison and Pinter be and hereby are directed to indemnify defendants Casper and Rowell's Towing Service for attorney's fees and costs incurred in the defense of this action on appeal in the amount of $5,588.18, pursuant to Wis.Stat. § 895.46(1); interest will accrue on this judgment at the legal rate until the judgment is satisfied, pursuant to 28 U.S.C. § 1961(a).

IT IS FURTHER ORDERED that defendants Casper and Rowell's Towing Service be and hereby are entitled to interest on their judgment against defendants Artison and Pinter at the legal rate in effect on December 20, 1989, the date the judgment was entered, pursuant to 28 U.S.C. § 1961(a); interest will accrue on the De-

cember 20, 1989, judgment at that rate until the judgment is satisfied.