Daniel **LATINO**, et al., Plaintiffs,

v.

Edward **KAIZER**, et al., Defendants.

No. 92 C 280.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 4, 1994.

Whitman Henry Brisky, Leon E. Lindenbaum, Robert Allan Schelinski, Lindenbaum, Coffman, Kurlander, Brisky & Hayes, Ltd., Chicago, IL, for plaintiffs.

Kelly Raymond Welsh, Martha Roess Barglow, John F. McGuire, Alec Meacham MacAusland, Melvin L. Brooks, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for Edward Kaiser.

Kelly Raymond Welsh, Diane J. Larsen, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for City of Chicago, IL.

Martha Roess Barglow, John F. McGuire, Melvin L. Brooks, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for Michael J. Scornavocco.

Alec Meacham MacAusland, Martha Roess Barglow, Melvin L. Brooks, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for William Gordon, City of Chicago.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Following this Court's grant of a new trial in this action brought by Daniel Latino ("Latino") and Robert Slawinski ("Slawinski") against City of Chicago ("City") and its police officers Edward Kaizer ("Kaizer") and William Gordon ("Gordon"), the retrial produced a jury verdict in both plaintiffs' favor against Kaizer and in Gordon's favor against both plaintiffs. There was no reference to City in the verdict form, because the parties had agreed and the jury was instructed that if its verdict were to run against either individual defendant that would automatically carry with it an identical verdict against City.[1] Accordingly each plaintiff was granted a judgment for damages against City identical in amount to the verdict awarded by the jury against Kaizer.

Because plaintiffs' lawsuit sounded both (1) in terms of a 42 U.S.C. § 1983 ("Section 1983") claim—one asserting that plaintiffs were unconstitutionally seized without probable cause—and (2) in terms of a parallel (though of course not legally identical) state law false arrest claim, plaintiffs filed a timely post-judgment motion for the award of attorneys' fees and out-of-pocket expenses under 42 U.S.C. § 1988 ("Section 1988"). That motion, supplemented by an affidavit and detailed time records, asks for an award of $120,113.50 in fees and $1,019.34 in expenses other than taxable costs. City and Kaizer have responded by urging these objections:

1. City is not liable for such attorneys' fees and expenses at all, because this Court had earlier dismissed plaintiffs' Section 1983 claim against City and because no such fees are recoverable on the state law claim (the only one that gave rise to the judgment against City).

2. Because City did prevail on the Section 1983 claim brought against it, the time spent by plaintiffs' counsel in responding to City's motion to dismiss (estimated by City's counsel as aggregating $6,314 in fees) should be disallowed in all events.[2]

3. That just-mentioned time is not recoverable against Kaizer either, because it was not directly related to plaintiffs' claim against Kaizer.

4. Plaintiffs' counsel's time is excessive in having spent an aggregate of 107.2

---

1. Because Latino and Slawinski had waived any claims for punitive damages, both the standards and the elements of any damages award were identical as to the individual and municipal defendants.

2. Plaintiffs' Reply 2–3 argues persuasively that their adversaries' estimate of time is overstated by more than 50%, so that the potential reduction (if any reduction is indeed appropriate) would amount instead to $4,038.50. This Court approves that calculation, but the amount of any potential reduction proves entirely theoretical in any event, for the reason stated later in this opinion.

hours in preparation of the final pretrial order, jury instructions, trial brief and research on all those matters. Defendants seek to have that time cut in half, for a further reduction of $10,988.[3]

### City's Liability

■ There is no question that City has no direct responsibility for fees and expenses under Section 1988 alone: Latino and Slawinski were not "prevailing parties" against City on their Section 1983 claims, and the entry of their judgment against City could be viewed as having been based on its respondeat superior liability for Kaizer's tortious conduct.[4] But what City's counsel gloss over in that respect—or more accurately ignore entirely in their response to the current motion—is the unambiguous provision of 745 ILCS 10/9–102:[5]

> § 9–102. A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

There is of course no question that City is a "local public entity" within the meaning of that statute. It is equally unquestionable that the judgment against Kaizer is a "tort judgment."[6] And finally it is uncontroverted

that Kaizer was "acting within the scope of his employment" in arresting plaintiffs (that is, in "seizing" them in Fourth Amendment terms[7]).

Hence City's overall liability based on the Illinois statute—and not directly based on Section 1983—is wholly beyond dispute. Indeed, *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1489–90 (7th Cir.1988) applied that very statute to permit recovery even against a municipality that was *not* a party to the original Section 1983 action against its police officers, applying the concept of supplementary jurisdiction to do so. City's responsibility in this case really applies a fortiori from the reasoning and the result in *Argento* (see also 838 F.2d at 1493–96).

■ As for the partial disallowance of the fee request that is urged by defendants, they point to this language in *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir.1988):

> Factually unrelated claims are treated as separate lawsuits, and therefore if the plaintiff loses on such a claim he is not to be reimbursed for the attorney's fees allocable to it.

But that quotation is misleadingly selective, because it stops short of setting out the very next sentence in *Ustrak, id.*, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)—a sentence

---

**3.** Again plaintiffs' Reply 3 disputes defendants' figures, representing that at least 16 of the hours challenged by defendants were devoted to other tasks. That would reduce the proposed reduction (if any reduction were appropriate) by $3,280. Once again this Court finds no reason to reject plaintiffs' representation in that respect, but once again the acceptance of that representation and the consequent approval of plaintiffs' position are mooted by this opinion's later rejection of defendants' objection on the merits.

**4.** *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) and its progeny establish that respondeat superior concepts do not apply under Section 1983.

**5.** It has been clear from the outset that plaintiffs invoke that statute as the basis for the recovery of fees and expenses against City. Their two-page motion concluded with this paragraph (immediately before their one-sentence prayer for relief against City as well as Kaizer):

> Pursuant to 745 ILCS 10/9–102, Defendant City of Chicago is obligated to directly pay any award against Defendant Edward Kaizer arising from this action.

City thus had a full oppurtunity to respond to that argument in its responsive filing (labeled Defendants' Objections to the Fee Petition), but its counsel were totally silent on the issue.

**6.** 745 ILCS 10/9–101(d) defines that term:

> "Tort judgment" means a final judgment founded on an injury, as defined by this Act, proximately caused by a negligent or wrongful act or omission of a local public entity or an employee of a local public entity while acting within the scope of his employment.

**7.** As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

that gives substantive content to the concept of "factually unrelated":

> But where "the plaintiff's claims of relief ... involve a common core of facts or [are] based on related legal theories," so that "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, ... the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."

And as *Ustrak, id.* went on to say:

> A partially prevailing plaintiff should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed plus related grounds within the meaning of *Hensley.*

This Court has complied with the *Hensley* mandate as elaborated upon in *Ustrak.* All of plaintiffs' claims against both City and the individual officers clearly "involve[d] a common core of fact." Indeed, all were "based on related [though not identical] legal theories." [8] Virtually all (rather than "much") of plaintiffs' counsel's time was "devoted generally to the litigation as a whole." And plaintiffs' "overall relief obtained" was no different—no less and no more—than they would have obtained if City had been subject to direct Section 1983 liability. *Hensley* and *Ustrak* then do not appear to call for parsing the time spent by plaintiffs' counsel so as to trigger any reduction in the award by reason of City's motion to dismiss.

### Quantification of the Award

■ What has just been said applies with equal force to the related contention as to reduction that has been advanced on Kaizer's part based on that same time expenditure. That then leaves for resolution only defendants' claim that excessive time was spent by plaintiffs' counsel on several important aspects of the case.

This Court's immediate reaction on receiving defendants' objections was to request submission of the corresponding time records of defense counsel (defendants had three lawyers working on the case throughout, in contrast to the sole practitioner approach taken by plaintiffs' lead counsel Leon Lindenbaum, Esq.—only about $2,500 of plaintiffs' $120,000 fee request represented time spent by anyone other than Lindenbaum). Defense counsel's response was that no time records of any sort are kept by the lawyers in City's Corporation Counsel's office (they are salaried lawyers working for a governmental client). That meant that one frequently reliable source of measuring the reasonableness of time spent by a prevailing party—that is, the corresponding work done by the losing adversary's lawyers—was unavailable to this Court.

Lacking such comparative information, this Court has been tendered nothing but defendants' ipse dixit as a purported basis for reducing plaintiffs' claim. There is no question that plaintiffs' lawyer actually devoted the challenged time to the tasks at issue. And it should be remembered that the lawyer for a *losing* Section 1983 plaintiff cannot look to the prevailing-party defendant for an award of fees, so that a plaintiff's counsel's expenditure of any excessive time would represent a *double* risk—an assured lack of recovery if plaintiff were to lose the case, and a disallowance if plaintiff were to win the case but the time expenditure were found to have been unjustified. That provides a level of practical protection against churning, or against the inefficient or unproductive expenditure of time.

In sum, plaintiffs' claim certainly has the ring of reasonableness. When as here legal services must be examined from the outside and in retrospect, the court is frequently limited to drawing on its own experience in the practice and on what it has observed during the in-court representation by the petitioning counsel. Here plaintiffs' coun-

---

**8.** What has been said in the last two sentences of the text was so much the case that the parties agreed that only a single elements-of-proof instruction would be given to the jury covering both the Section 1983 and state common law claims. In this case the Fourth Amendment seizure was identical to the common law arrest, and each claim shared the identical lack-of-probable-cause, proximate cause and damages ingredients.

sel's handling of the case before this Court has been highly professional, and this Court sees no reason to hold otherwise as to the same counsel's handling of this case out of court. Defendants have offered no evidence to support any different conclusion.

### Conclusion

None of defendants' objections to plaintiffs' motion is persuasive. City and Kaizer are jointly and severally ordered to pay to plaintiffs the sum of $120,113.50 as and for attorneys' fees and $1,019.34 as and for out-of-pocket expenses not taxable as costs.