108 F.3d 1379
 4 Wage & Hour Cas.2d (BNA) 224
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roy A. DODEN, Thomas R. Knowles, Jr., and John C. Ciarlette,
Plaintiffs-Appellants,
v.
PLAINFIELD FIRE PROTECTION DISTRICT, an Illinois
corporation, and Michael Collins, William Barnes,
and Barry Bronk, as Trustees of the
Plainfield Fire Protection
District,
Defendants-
Appellees.
 No. 96-2175.
 United States Court of Appeals, Seventh Circuit.
 Argued March 5, 1997.
Decided March 17, 1997.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs filed a complaint under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, seeking back overtime pay and liquidated damages from the Plainfield Fire Protection District ("Plainfield"). The district court granted in part and denied in part plaintiffs' motion for summary judgment. Plaintiffs consequently filed for attorneys' fees, which the district court awarded, albeit reducing the amount submitted based on the plaintiffs' partial success. On appeal, plaintiffs assert that the district court abused its discretion in reducing the attorneys' fee request. Second, plaintiffs claim that the district court abused its discretion in not allowing fees for time spent on an amended citation to discover assets, motion for turnover, and litigating the issue of prejudgment interest.
 
 
 2
 Plaintiffs were paramedics, who worked for Plainfield, providing emergency medical care, life support, and transporting injured or ill persons to hospitals. Prior to 1994, the plaintiffs worked a schedule of twenty-four hours on duty, twenty-four hours back-up, and forty-eight hours off. They were allotted a sleep period of at least eight hours. During sleep periods, they were not relieved of their duties, as they might be called upon to respond to an emergency. Plaintiffs were compensated as overtime exempt employees pursuant to Section 7(k) of the FLSA, under which they were paid time and a half if they worked over 204 hours in a four week period. In April 1994, Plainfield revised its overtime practice to provide for overtime pay for hours worked over forty in a week. The plaintiffs filed a complaint in the district court seeking overtime accrued prior to April 1994.
 
 
 3
 In deciding plaintiffs' motion for summary judgment, the district court concluded that the plaintiffs were not exempt under FLSA § 7(a) because they were not trained in rescue activities beyond those of a medical nature. The district court awarded plaintiffs $22,346.82 for the back overtime wages with interest and attorneys' fees. In addition, the district court denied the liquidated damages claim because it found that Plainfield demonstrated that it acted with good faith and reasonably believed in its decision to treat the plaintiffs as exempt employees. The district court also denied plaintiffs' request for an extension of the statute of limitations.
 
 
 4
 Plaintiffs then filed for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Prior to the resolution of the attorneys' fees, plaintiffs filed a citation to discover assets. Judge Harry D. Leinenweber, acting as emergency judge for the district court, quashed the citation and ordered costs and fees against the plaintiffs. The plaintiffs then issued an amended citation to discover assets. Unaware of the proceedings in front of Judge Leinenweber, Judge Marovich granted the turnover order in favor of the plaintiffs for satisfaction of the judgment, costs, and attorneys' fees connected with the collection of the judgment. However, Plainfield had not been given notice of the motion, and thus, failed to appear at the hearing. That same day, Plainfield moved the district court to vacate the turnover order. By agreement, the district court vacated the turnover order and ordered the parties to file briefs on the remaining issues; the turnover order, the prejudgment interest, and the award of fees attributable to the collection.
 
 
 5
 The district court entered an order for attorneys' fees in the amount of $12,100, approximately half the amount requested. The district court noted that plaintiffs failed on both their statute of limitations and liquidated damages claims and that the facts and legal preparation involved for those claims were distinctly different from the facts and preparation supporting the successful overtime wages claim. Plainfield requested that the attorneys' fees award be reduced by two-thirds in light of plaintiffs achieving success on only one-third of their claims. The district court concluded such a request was excessive, but reduced the fees by one-half based on plaintiffs' limited success.
 
 
 6
 The district court also denied plaintiffs' request for attorneys' fees for the time spent in collecting the judgment because the court found the amended citation to discover assets and motion for turnover were unnecessary. The district court concluded that Plainfield was ready, willing, and able to pay the amount of the judgment immediately and then later pay the disputed prejudgment and postjudgment interest. The district court also found that plaintiffs' counsel failed to submit a detailed accounting of the charges relating to the prejudgment interest, and thus, denied fees and costs related to the litigation regarding the rate of the prejudgment interest issue.
 
 
 7
 The district court has wide discretion in determining the appropriate amount of attorneys' fees and costs; therefore, this court reviews such determinations for an abuse of discretion. Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir.1995). The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The applicants bear the burden of establishing the entitlement to fees and documenting the hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).
 
 
 8
 In calculating attorneys' fees, the district court first ascertains the "lodestar" figure by multiplying the number of hours worked by the market rate. Bankston, 60 F.3d at 1255. The court may discount the total fee award based on various factors, including the plaintiffs' success, although failure to obtain every dollar sought does not automatically require that fees be reduced. Id. at 1255-56. The focus is whether the fees are reasonable in relation to the overall relief obtained by the plaintiff. Hensley, 461 U.S. at 435. However, "the most critical factor is the degree of success obtained." Id. at 436. There is no precise formula for partial success fee determinations; the district court may identify specific hours that should be eliminated or may simply reduce the award in relation to the limited success. Id. at 436-37. In determining partial success claims, the court must consider whether the unsuccessful claims are distinctly different from the claims on which the plaintiff prevailed. Spellan v. Board of Educ. for District 111, 59 F.3d 642, 646 (7th Cir.1995). A clear explanation should accompany the district court's modification of the submitted lodestar. Smith v. Great Am. Restaurants, Inc., 969 F.2d 430, 439 (7th Cir.1992).
 
 
 9
 Plaintiffs contend that the district court abused its discretion in determining the amount of fees by reducing the submitted fee request based on the plaintiffs' limited success. Relying on Bankston v. State of Illinois, 60 F.3d 1249 (7th Cir.1995) and Partington v. Broyhill Furniture Co., 999 F.2d 269 (7th Cir.1993), the plaintiffs contend that this court has held that attorneys' fees in FLSA cases should not be reduced merely because a plaintiff does not obtain liquidated damages or an extension of the statute of limitations. Plaintiffs also assert that the district court "eyeballed" the fee request and then arbitrarily and capriciously reduced the lodestar by one-half.
 
 
 10
 In Bankston, the plaintiffs sought and won relief on one theory of liability, but the jury found that plaintiffs did not prove all of the damages claimed. See Bankston, 60 F.3d at 1256. This court concluded that the trial court did not abuse its discretion when it did not reduce the fees given the overall success of the plaintiffs. Id. In Partington, the plaintiff did not succeed in establishing entitlement to double damages in the context of the ADEA. Partington, 999 F.3d at 273. This court concluded that the issue was not whether the plaintiff could have done better, but whether the attorneys' fee is reasonable in relation to the difficulty, stakes, and outcome of case. Id.
 
 
 11
 Here, plaintiffs argue that Bankston and Partington require that the fee award "should not" be reduced if plaintiff does not obtain liquidated damages or an extension of the statute of limitations. However, Bankston and Partington do not prohibit the court from exercising its discretion in reducing plaintiffs' fees based on limited or partial success. What the cases do discuss is whether the expenditures on attorneys' fees was reasonable in relation to the difficulty, stakes, and outcome of the case. See Bankston, 60 F.3d at 1256; Partington, 999 F.2d at 273.
 
 
 12
 The district court found that the plaintiffs failed in their attempts to receive liquidated damages and an extension of the statute of limitations, and thus, they only partially succeeded. The court articulated that Plainfield asked for a two-thirds reduction, but the court declined to follow the suggestion, recognizing that attorneys need to be compensated for bringing these actions. Citing Bankston, 60 F.3d at 1256, the district court also stated that it was mindful that the plaintiffs may have aimed higher than they hit, so they should not be penalized for such an attempt. In reducing the lodestar by one-half, the court recognized that it is impossible to parse out all of the activities related to the various elements of the claim. In addition, the district court stated that "the facts and legal preparation germane to the statute of limitation and liquidated damages ... were distinctly different from the facts supporting the underlying claim--the Plaintiffs' job responsibilities."[1]
 
 
 13
 Based on the district court's reasoning, it did not abuse its discretion when reducing plaintiffs' lodestar by one-half. The district court gave a detailed explanation of why it reduced the lodestar, including that the legal preparation and the facts of the unsuccessful claims were "distinctly different" from the successful overtime wages claim. The plaintiffs' argument that the district court "eyeballed" the fee request and then arbitrarily and capriciously reduced the lodestar is without merit. The court did not abuse its discretion in reducing the claim instead of parsing out all of the activities related to the elements of the claim because the court has the alternative to simply reduce the award in relation to the limited success without identifying specific hours to be eliminated.
 
 
 14
 Plaintiffs also argue that their attorney is entitled to fees for executing the final judgment and for litigating the amount of prejudgment interest. However, the district court found that the plaintiffs' attempts to collect the judgment were unnecessary. The district court concluded that Plainfield was ready, willing, and able to pay the amount of the judgment immediately and then later pay the disputed prejudgment and postjudgment interest.
 
 
 15
 This court reviews the district court's denial of attorneys' fees with due deference. See Bankston, 60 F.3d at 1255. Based on a review of the record, it is clear that plaintiffs' counsel engaged in unnecessary efforts related to the judgment entered in this case. The district court stated in its order that "this matter has brought out the worst tendencies of attorneys who practice in our courts--pettiness and incivility." The court noted that there were many motions to decide after the merits had been resolved. The district court also found that Plainfield was ready to pay the judgment. Based on these observations and conclusions, the district court found that the plaintiffs' amended citation to discover assets and turnover order were unnecessary; therefore, the court did not award attorneys' fees. This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees.
 
 
 16
 Last, plaintiffs' counsel seeks fees for litigating the prejudgment interest rate, claiming that Plainfield engaged in contentious, postjudgment litigation. When deciding the appropriate rate of prejudgment interest, the district court used the prime rate, rejecting the argument that the Illinois postjudgment rate applied as defendants argued. Thus, plaintiffs claim that they prevailed on this claim and should get attorneys' fees. However, the district court concluded that counsel failed to submit a detailed accounting of the charges as they relate to the litigation of the prejudgment interest. In the supplemental petition for attorneys' fees, the costs for the collection motions discussed above were documented. Only one entry suggests it was for the research of prejudgment interest.[2] Further, plaintiffs' counsel fails to develop its argument, merely citing to one case that stands for the general proposition that plaintiffs are entitled to reasonable fees for prevailing claims. See Ustrak v. Fairman, 851 F.2d 983, 987 (7th Cir.1988).
 
 
 17
 The trial court is in a much better position than the appellate court in making fee determinations. See id. In light of the district court's finding that the supplemental petition did not give a detailed accounting relating to prejudgment interest and that the postjudgment motions were unnecessary, it was reasonable for the district court to deny fees for the research of the prejudgment interest claim.
 
 
 18
 Therefore, the district court judgment is AFFIRMED.
 
 
 
 [1]
 See Memorandum and Order of April 11, 1996, at 9 n. 5, Appellate Record 72
 
 
 [2]
 See Plaintiffs' Reply to Defendants' Objections to Motion for Turnover Order and Defendants' Petition for Fees and Costs, Appellate Record 67, Exhibit M