ROSENBAUM, Circuit Judge,
dissenting:
Hindsight is 20/20. But sometimes things look very different from the front *981 end. That is the problem here. The Majority holds that Plaintiffs were not the prevailing party in the earlier appeal before this Court (Case No. 12-13785-DD) because “[the Florida Agency for Health Care Administration (“AHCA”)] sought the modification [to the injunction that the district court entered], Plaintiffs opposed it, and this court awarded it.” Maj. Op. at 979. But while this retrospective summary has the virtue of brevity, I respectfully disagree that it tells the whole story. Looking at events from the front end of the appeal in Case No. 12-13785-DD, as Plaintiffs necessarily did when they had to decide whether to defend the injunction, AHCA’s position in its appellate briefing in that case could fairly be understood to seek significantly broader modifications to the injunction than we ended up directing.
Plaintiffs argued against the breadth of relief AHCA sought, and, in substantial part, we ¿ccordingly limited the scope of relief we ordered. That AHCA now characterizes itself as having sought only the relief we actually ordered does not change the fact that AHCA did not obtain the breadth of relief it appeared in its briefing to seek. And Plaintiffs’ successful defense of the challenged parts of the injunction from AHCA’s attempts to modify them renders Plaintiffs a prevailing party entitled to attorneys’ fees.
To understand what AHCA indicated in its briefing in Case No. 12-13785-DD that it was appealing, we must start with what AHCA expressly stated it was not appealing. AHCA specified that it was not appealing the district court’s order to the extents that the district court concluded that “[Applied Behavioral Analysis (“ABA”) ] is medically necessary and not experimental as to Plaintiffs” and that the injunction “invalidated the portion of the Behavioral Health Handbook, Fla. Admin. Code R. 59G-4.050, that stated ‘Medicaid does not pay for community behavioral health services for treatment of autism_’” AHCA’s Opening Brief in Dudek v. K.G., Case No. 12-13785-DD (11th Cir.) (“AHCA’s Dudek By”) at 12 (emphasis added).
After carving out that relief, however, AHCA stated -without qualification that it was challenging “the district court’s grant of additional relief, which was impermis-sibly overbroad and an abuse of discretion.” Id. (emphasis added). It then went on to take issue with the “Injunction’s express finding that ‘ABA is “medically necessary” and is not “experimental” as defined under Florida administrative law and federal law,” id. at 18 (emphasis added) (modification by AHCA omitted); to assert that “an injunction directing AHCA to cover the ABA services of Plaintiffs would have been sufficient to provide complete relief to the parties,” id. at 29 (emphasis added); and to repeat that it was not appealing “the district court’s determination that ABA services are medically necessary and not experimental as to Plaintiffs at the time the Injunction was entered,” id. at 32 (emphasis added). And it did all of this against the background of having issued a Health Care Alerts & Provider Alerts Message, which said, “[A] federal judge ordered Florida Medicaid to cover [ABA] for the treatment of autism spectrum disorders for children under the age of 21, effective April 2, 2012. Please note that [AHCA] intends to appeal this ruling. If the ruling is overturned, Medicaid will cease to cover these services for the treatment of autism spectrum disorders.”
So, AHCA’s statements in its briefing may be fairly read to -indicate that, among other things, AHCA was challenging the district court’s order to the extent that the order concluded generally, as opposed to finding in Plaintiffs’ case only, that ABA is not experimental under Florida adminis *982 trative law and federal law. If successful, this argument would • have resulted in a modification to paragraphs 2 through 6 of the injunction[6] because if, as generally applied, ABA remains “experimental” under Florida administrative law and federal law, it cannot be “provide[d], fund[ed], and authorize^]” treatment for Autism and Autism Spectrum Disorder, and it cannot be a “covered service.”
By stating an intent to appeal all relief except as related to Plaintiffs and the striking of the handbook provision, AHCA’s statements in its Dudek briefing further suggested that it sought to invalidate those parts of the injunction that provided that all community behavioral health services providers and physicians enrolled in the Medicaid program had to be notified that ABA is a “covered service for children who have been diagnosed with autism or Autism Spectrum Disorder” (paragraphs 3 and 4) and that an authorization code for ABA treatment must be designated and communicated to community behavioral health services providers and physicians enrolled in the Medicaid program who may provide [early and episodic screening, diagnostic, and treatment services (“EPSDT”) ] screens (paragraph 5).
Not surprisingly, that’s how Plaintiffs construed AHCA’s briefing in Dudek. Indeed, in response, Plaintiffs defended ABA as a “covered benefit,” and argued that the injunction properly “provide[d], fund[ed], and authorized] prescribed ABA for EPSDT eligible individuals [not just Plaintiffs] with autism spectrum disorders; ... designated] authorization code(s); and ... inform[ed] relevant providers that ABA is a covered benefit for EPSDT eligible children.”[7] See Plaintiffs’ Response Brief in Dudek v. K.G., Case No. 12-13785-DD (11th Cir.) (“Plaintiffs’ Dudek Br.”) (emphasis added).
In the end, we did not disturb the district court’s finding that ABA is not experimental with respect to all eligible children *983 with autism spectrum disorders. And we neither modified nor struck paragraphs 3 through 5 of the injunction, which apply generally throughout Florida’s Medicaid program and not just to Plaintiffs. See Garrido v. Dudek, 731 F.3d 1152, 1157-58 (11th Cir. 2013). In other words, Plaintiffs successfully defended these aspects of the injunction from AHCA’s claims on appeal.
Under these circumstances, Plaintiffs were a “prevailing party” for purposes of awarding attorneys’ fees. Here, Plaintiffs acted essentially as “private attorneys general,” defending an injunction that benefited not just themselves but all eligible children in Florida with autism spectrum disorders. See Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401-02, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). “If successful plaintiffs were routinely forced to bear their own attorneys’ fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts.” Id. For this reason, “when the defendant appeals [in a civil-rights action] and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court.” Ustrak v. Fairman, 851 F.2d 983, 990 (7th Cir. 1988).
That is precisely what happened in this case. Though AHCA succeeded in obtaining a modification of the injunction to reflect that it retained authority to make individualized medical-necessity determinations, Plaintiffs did not contest this aspect of the relief that AHCA requested, and they successfully defended the injunction from the further modifications that AHCA’s briefing indicated it sought. And it was perfectly reasonable for Plaintiffs.to have defended on appeal challenges to, among other things, the generally applicable aspects of the injunction, including the third through fifth paragraphs of it, in light of AHCA’s statements in its Dudek briefing that are fairly construed as seeking broader relief than AHCA now claims. Indeed, Plaintiffs could not realistically be expected to stand idly by and hope for the best, under the circumstances. Having forced Plaintiffs to defend on appeal challenges to these aspects of the injunction, AHCA should not now be able to escape the natural consequences of its actions— Plaintiffs’ incurrence of attorneys’ fees. For this reason, I respectfully dissent from the Majority’s view that Plaintiffs were not entitled to attorneys’ fees incurred in defending the appeal in Case No. 12-13785-DD.
I would therefore reach the second issue that AHCA raises on appeal: the reasonableness of the fee award to Plaintiffs. But AHCA did not object to the amount of attorneys’ fees recommended by the magistrate judge and ultimately granted by the district court, even though the magistrate judge’s report and recommendation expressly cautioned that “[f]ailure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendation[ ] and bar the Parties from attacking on appeal the factual findings contained herein.” As a result, AHCA has forfeited the right to challenge the reasonableness of the fees now. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993) (per curiam). AHCA itself appears to implicitly concede this point, since it did not respond in its reply brief to Plaintiffs’ argument to this effect. For these reasons, I would affirm the award of attorneys’ fees to Plaintiffs.

. Paragraphs 2 through 6 of the injunction provide,
2. As of 10:50 a.m. on March 26, 2012, the State of Florida is hereby ordered to provide, fund, and authorize Applied Behavioral Analysis treatment ... to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner.
3. Defendant shall notify all community behavioral health services providers enrolled in the Medicaid program that ABA is now a covered service for children who have been diagnosed with autism or Autism Spectrum Disorder.
4. Defendant shall notify all physicians enrolled in the Medicaid program who may provide EPSDT screens that ABA is now a covered service for children who have been diagnosed with autism or Autism Spectrum Disorder.
5. Defendant shall designate an authorization code for ABA treatment and notify all persons in listed in numbers 3 and 4 of such designation.
6.Defendant shall take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment for Medicaid-eligible persons under the age of 21 who have been diagnosed with autism or Autism Spectrum Disorder.

. Plaintiffs never took the position that the injunction prohibited AHCA's ability to make individualized medical-necessity determinations, even after the entry of the injunction. See Plaintiffs’ Dudek Br. at 13. In fact, to respond to AHCA’s concerns, Plaintiffs proposed modifying paragraph 2 to state, "[T]he State of Florida is hereby ordered to provide, fund, and authorize ‘medically necessary’ Applied Behavioral Analysis treatment....” Id. at 22. The district court likewise construed its own injunction to allow AHCA to continue to make individualized determinations of medical necessity, dismissing a case that sought to hold AHCA in contempt for not automatically authorizing ABA for Medicaid claimants without an individualized determination of medical necessity.