**William R. LEFFLER and Shirley Jolliff, Plaintiffs–Appellants, Cross–Appellees,**

v.

**Ralph MEER, et al., Defendants–Appellees, Cross–Appellants,**

**and**

**Howard Shake, et al., Defendants, Cross–Appellants.**

Nos. 90–1434, 90–1557, 90–1773.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1990.

Decided July 12, 1991.

Michael K. Sutherlin, Indianapolis, Ind., for plaintiffs-appellants, cross-appellees.

Maxwell Gray, Rick Pitts, Lowe, Gray, Steele & Hoffman, Indianapolis, Ind., W. Michael Wilke, Don Hubert Wickens, Wickens, Wickens & Wilke, Margaret Polanski, Greensburg, Ind., for defendants-appellees, cross-appellants.

Before WOOD, Jr. and CUDAHY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

At issue in these appeals is the district court's award of "prevailing party" attorney's fees under 42 U.S.C. § 1988 and the denial of Rule 11 sanctions. The original lawsuit underlying this dispute involved the suicide of a pretrial detainee in the Decatur County, Indiana jail.

## I.

In 1984, Mark Leffler, a twenty-four year old inmate of the Decatur County jail, committed suicide by hanging himself. His parents, William Leffler and Shirley Jolliff ("plaintiffs"), filed suit in district court claiming an unconstitutional deprivation of civil rights under 42 U.S.C. § 1983. Plaintiffs sought damages for the estate of Mark Leffler in the amount of $500,000, punitive damages for the estate of $1 million, and $300,000 in damages for themselves. Named as defendants were Ralph Meer ("Meer"), individually and in his official capacity as sheriff of Decatur County, the County Commissioners ("Commissioners"), and certain sheriff's deputies and dispatchers.

At the close of their case in chief, plaintiffs moved for dismissal of all defendants except Meer and the Commissioners. The district court then granted the motion of the Commissioners for a directed verdict. The jury returned a verdict against the only remaining defendant, Meer (in his official capacity), in the amount of $3,000 as compensatory damages. In addition, plaintiffs were each awarded $15,000 in punitive damages against Meer individually. The verdicts were reduced to judgment, paid to plaintiffs, and are not at issue in this appeal.

Plaintiffs' attorneys then sought payment of their attorney's fees pursuant to 42 U.S.C. § 1988.[1] The district court awarded plaintiffs' attorney's fees in an amount substantially less than their fee request. The district court also awarded fees to the Commissioners as prevailing parties, finding that they were frivolously joined as defendants. The attorneys for the sheriff's deputies and dispatchers sought attorney's fees as prevailing defendants under section 1988 and also Rule 11 sanctions; however, the district court denied both requests.

## II.

### A. *Reduction of Plaintiffs' Attorney's Fees*

Plaintiffs contend that the district court abused its discretion in failing to award the full amount of their attorney's fee request. Because of the factual nature of attorney's fee awards, appellate review is limited to a "highly deferential abuse of discretion standard." *Dutchak v. Central States, S.E. & S.W. Areas Health & Welfare Fund*, 932 F.2d 591, 596 (7th Cir.1991). *See also Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1108 (7th Cir. 1990); *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir.1988). We will not find an abuse of discretion if reasonable persons could differ over the district court's view. *Lightfoot v. Walker*, 826 F.2d 516, 520 (7th Cir.1987); *Nanetti v. University of Illinois*, 867 F.2d 990, 995 (7th Cir.1989). Determining a fee award is left to the discretion of the district court in light of its "superior understanding of the litigation and the desirability of avoiding frequent

---

1. 42 U.S.C. § 1988 provides that in an action to enforce a provision of section 1983 of the Civil Rights Act of 1964, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

appellate review of what essentially are factual matters." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The Supreme Court in *Hensley* further stated that "[a] request for attorney's fees should not result in a second major litigation." *Id.* at 437, 103 S.Ct. at 1941.

██ The Supreme Court has adopted the "lodestar" approach as the starting point in determining a reasonable attorney's fee under section 1988. The lodestar is a base figure arrived at by multiplying the hours reasonably expended on the litigation by a reasonable hourly rate. *City of Riverside v. Rivera,* 477 U.S. 561, 568, 106 S.Ct. 2686, 2691, 91 L.Ed.2d 466 (1986); *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The lodestar figure may then be increased or decreased in light of factors articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), and incorporated into the *Riverside* analysis. 477 U.S. at 568, 106 S.Ct. at 2691.[2] Despite the district court's wide latitude in determining a fee award, if the requested hourly rate or number of hours is reduced, a clear explanation must be provided. *Tomazzoli v. Sheedy,* 804 F.2d 93, 97 (7th Cir.1986). That was done here—a lengthy and detailed justification for the reduction of plaintiffs' attorney's fee award was included in the district court's opinion.

██ Plaintiffs requested attorney's fees in the amount of $97,649.81 and costs in the amount of $2,248.56. This amount represented 709.45 hours claimed by three attorneys. Following a careful evaluation of plaintiffs' attorney's fee request, the district court found the number of hours to be "clearly unreasonable" in light of the relative simplicity of the case and the brevity of the trial—three and one-half days—and reduced the total number of hours to 485.45. One example of the court's reduction involved the disallowance of 41.4 hours claimed for drafting a trial brief. The district court found that the trial brief, written by an inexperienced attorney, was simply a summary of the plaintiffs' complaint, a list of witnesses, and a brief recitation of the legal issues which bore "an interesting resemblance" to the trial judge's order denying defendants' motion for summary judgment.

Two other factors were appropriately considered by the district court in its fee award: (1) the existence and terms of a contingent fee contract; and (2) the relationship between the fees sought by counsel and the relief obtained. *Lenard v. Argento,* 808 F.2d 1242, 1247 (7th Cir.1987). Under the contingent fee contract, plaintiffs' attorneys would be entitled to forty percent of $33,000, that is, $13,200. However, the district court found that a higher award was justified because the judgment could yield benefits in excess of monetary damages by "alert[ing] Indiana jailers to their duties toward prisoners in their care ..." and even after the district court's reduction the plaintiffs' attorneys received $44,833.13. Because of the great deference accorded to a district court's fee award, *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941, and in view of the specificity employed here in reducing the award, we find that the district court did not abuse its discretion.

██ The hourly rate requested by the three plaintiffs' attorneys was also reduced by the district court. The reasonable hourly rate to be used in computing the lodestar figure should be based on the "market rate" for the attorney's work. *Tomazzoli,* 804 F.2d at 96. The district court determined that the hourly rate requested by two of plaintiffs' attorneys was unreasonable because it exceeded the rate they had agreed to in a similar section 1983 case

---

**2.** These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

settled shortly before the trial in this case. The rate for the third attorney for plaintiffs was reduced to the amount which, by his own admission, was the usual hourly rate in his community. The trial judge is in a better position than this court to determine the reasonableness of an hourly rate, *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1159 (7th Cir.1989), and we find that the reduction of the hourly rate requested by plaintiffs was not an abuse of discretion.

## B. *Award of Attorney's Fees to Commissioners*

At the close of plaintiffs' case the district court granted the Commissioners' motion for a directed verdict. The Commissioners sought payment of their attorney's fees as section 1988 prevailing defendants. Concluding that the claim against the Commissioners was frivolous, the district court awarded attorney's fees and expenses to the Commissioners in the amount of $16,-834.88.

■■■ A prevailing defendant, as well as a prevailing plaintiff, may be awarded attorney's fees under section 1988. *Unity Ventures v. County of Lake*, 894 F.2d 250, 253 (7th Cir.1990). In order to collect attorney's fees, a prevailing defendant "must demonstrate that the plaintiff brought her action in subjective bad faith, or that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Id.* (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)). In *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), the Supreme Court vacated an attorney's fee award to a prevailing defendant and held that "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Vigorous enforcement of civil rights laws is the policy underlying the stringent standard required of prevailing *defendants* who seek payment of their attorney's fees. *Christianburg*, 434 U.S. at 422, 98 S.Ct. at 700.

■■■ The Commissioners contend that the district court properly awarded their attorney's fees because plaintiffs' joinder of them as defendants constituted a frivolous claim. However, the mere fact that the cause of action against the Commissioners did not survive a motion for directed verdict does not compel an award of attorney's fees against plaintiffs. In order to warrant the grant of section 1988 prevailing defendant attorney's fees, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14, 101 S.Ct. at 178.

■■■ The district court found:

Plaintiffs' theory as to the commissioners was that they were somehow guilty of a constitutional violation in not seeing to it that the jail was equipped with television cameras.... As to the commissioners, this Court considers the complaint to be frivolous: a pretrial detainee has no constitutional right to be constantly surveilled by a television monitor (although he might have a right *not* to be so surveilled), and no case so holds.

In evaluating the foundation for plaintiffs' complaint, we do not find that the plaintiffs were guilty of frivolously or groundlessly joining the Commissioners as defendants. It is conceivable that facts could have arisen during the course of discovery or trial which would have led to the conclusion that the Commissioners had acted with deliberate indifference to the serious medical needs of the deceased and that they therefore bore a measure of liability. The plaintiffs alleged that the jail should have had a system of monitoring its inmates with special needs and the lack of such a practice contributed to Mark Leffler's suicide. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christianburg*, 434 U.S. at 422, 98 S.Ct. at 701.

■■■ Although we find that plaintiffs' initial complaint against the Commissioners did not warrant the award of prevailing defendant attorney's fees, this does not conclude our inquiry. Under the *Chris-*

*tianburg* standard, the analysis does not end with a review of the merits of a plaintiff's case at the time the suit is filed. A plaintiff may be assessed his opponent's attorney's fees if the claim was frivolous, unreasonable, or groundless, *or* "the plaintiff continued to litigate after it clearly became so." *Id.* at 422, 98 S.Ct. at 700. A plaintiff may be assessed his opponent's attorney's fees if he proceeds in the face of factual developments which arise during the course of the litigation that would render the suit frivolous. *Hamer v. County of Lake,* 819 F.2d 1362, 1367 (7th Cir.1987), *cert. denied,* —— U.S. ——, 110 S.Ct. 146, 107 L.Ed.2d 104 (1989). Plaintiffs appear to have proceeded in such a manner in pursuing their claim against the Commissioners.

■ In their answer to plaintiffs' amended complaint, the Commissioners asserted as an affirmative defense that they were without authority to approve or disapprove a budget submitted by the Decatur County sheriff. This should have triggered some investigation on the part of the plaintiffs to determine whether, under their theory that the county jail should have been equipped with television monitors, the Commissioners could be subject to liability if they did not possess the power to make budgetary appropriations. The record does not reflect that plaintiffs conducted any research or discovery with respect to this issue.[3]

Although plaintiffs proceeded to litigate against the Commissioners after it became apparent that the claim against them may have been frivolous, the Commissioners made no attempt to be dismissed as defendants prior to trial. The Commissioners filed neither a motion to dismiss nor a motion for summary judgment, but waited until the close of plaintiffs' case and filed a motion for directed verdict which was granted. While there was no formal duty on the part of the Commissioners to file such motions, we do not believe it is appro-

priate for a section 1983 defendant who believes he has been improperly joined in litigation (and will therefore be entitled to prevailing party attorney's fees) to increase his attorney's fees by awaiting trial to present his defenses, and then seek payment of those augmented fees by plaintiff. When a defendant seeks prevailing party attorney's fees the plaintiff should not be penalized for the defendant's failure to mitigate the amount of his attorney's fees.

■ In *Dubisky v. Owens,* 849 F.2d 1034, 1037 (7th Cir.1988), we held that "[a] party defending against a frivolous paper has a duty under Rule 11 to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently." Moreover, there should be some proportionality between the merits of the plaintiff's claim and the hours expended by defense. *Id.* at 1037. Although *Dubisky* dealt with the mitigation of attorney's fees in the context of Rule 11, the principle should apply with equal force when a prevailing defendant seeks attorney's fees under section 1988. Like Rule 11, section 1988 provides for an award of "reasonable" attorney's fees. Implicit in the reasonableness requirement is the duty to mitigate legal fees by promptly, where possible, disposing of baseless claims through summary procedures.

■ As an additional matter, the plaintiffs' attorneys argue that the district court erred in assessing the award of attorney's fees to the Commissioners against them as attorneys for plaintiffs. Although the district court initially awarded the fees "against plaintiffs Leffler and Jolliff," the order appears to assess the fees against the plaintiffs' attorneys by creating a set-off. However, section 1988 authorizes the award of attorney's fees against parties to the litigation, not their attorneys. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 761, 100 S.Ct. 2455, 2461, 65 L.Ed.2d 488 (1980); *Hamer,* 819 F.2d at 1370. We therefore vacate that portion of the district court's order that imposes fees against the plaintiffs' attorneys.

---

**3.** During the deposition of Sheriff Meer, the plaintiffs did inquire whether he had requested television monitors and/or additional jail personnel from the Commissioners. However, there were no questions concerning the actual method by which the sheriff could obtain additional equipment or manpower.

We vacate and remand that portion of the district court's decision granting the Commissioners' attorney's fees for further consideration with respect to the point at which plaintiffs' claim against the Commissioners became frivolous and for any resulting adjustment to the award. The extent to which the Commissioners failed to mitigate their attorney's fees may also be considered as a factor in the district judge's fee award.

### C. *Denial of Rule 11 Sanctions*

■ The sheriff's deputies and dispatchers were dismissed by plaintiffs at the close of their case in chief. These defendants sought section 1988 prevailing party attorney's fees and the imposition of Rule 11 sanctions against plaintiffs' attorneys, both of which were denied by the district court. As we stated above, a grant or denial of prevailing party attorney's fees under section 1988 is subject to review under an abuse of discretion standard. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941. Abuse of discretion is also the standard of appellate review we employ in evaluating a district court's Rule 11 determination. *Melrose v. Shearson/American Express, Inc.*, 898 F.2d 1209, 1214 (7th Cir.1990).

■ The deputies and dispatchers argue that the claim against them was frivolous and that the plaintiffs' attorneys were careless in their investigation. Although the plaintiffs did not take statements or depositions from the deputies and dispatchers, the plaintiffs' attorneys did depose the state police officer who investigated the incident and listened to tapes of the officer's interviews with the deputies and dispatchers. The district court found that the conduct of plaintiffs' attorneys in joining the deputies and dispatchers did not rise to the level to warrant imposition of Rule 11 sanctions. As we stated in *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 933 (7th Cir.1989) (*en banc*) (quoting *R.K. Harp Inv. Corp. v. McQuade*, 825 F.2d 1101, 1103 (7th Cir. 1987)):

> [B]ecause the trial court alone has an intimate familiarity with the relevant proceedings, its decision whether counsel

has conducted the kind of inquiry required by Rule 11 and taken a position reasonable in light of the facts and governing law is reviewable only where there has been an abuse of discretion.

We cannot find that the trial judge abused his discretion in denying an award of Rule 11 sanctions against plaintiffs' attorneys. Nor do we find, based upon the record, that the joinder of the deputies and dispatchers was frivolous. Therefore the denial of section 1988 prevailing party attorney's fees did not constitute an abuse of discretion.

### III.

For the foregoing reasons, we affirm the district court's decision reducing the award of attorney's fees to plaintiffs as prevailing parties under section 1988. We vacate and remand the award of attorney's fees to the Commissioners to allow the court to restructure its order in light of this decision. With respect to the deputies and dispatchers, we affirm the district court's denial of Rule 11 sanctions and prevailing party attorney's fees. The parties shall bear their own costs. Circuit Rule 36 shall not apply.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.