William R. **LEFFLER** and Shirley **Jolliff,** as Co–Administrators of the Estate of Mark D. Leffler (Deceased), Plaintiffs–Appellants,

v.

Ralph **MEER,** in his official capacity as Sheriff of Decatur County and Individually, et al., Defendants–Appellees.

No. 94–2842.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 1995.

Decided July 20, 1995.

Michael K. Sutherlin (argued), Indianapolis, IN, for plaintiffs-appellants William R. Leffler, Shirley Jolliff, as Co–Admrs of Estate of Mark D. Leffler (Deceased).

Maxwell Gray, Richard S. Pitts (argued), Lowe, Gray, Steele & Hoffman, Indianapolis, IN, for defendants-appellees Howard Shake, in his official capacity as Dispatcher of Decatur County and individually, Jean A. Crusier, Mary Theobold, Ralph Meer, in his official capacity as Sheriff of Decatur County and individually, Unknown Persons, in their official capacity as Deputy Sheriffs and individually, Bd. of County Com'rs of Decatur County, in their official capacity, namely, Paul Ernstes, Gorden Springmeier, Kenneth Owens.

Before BAUER and MANION, Circuit Judges, and STIEHL, District Judge.*

STIEHL, District Judge.

This case is again before this Court to review the district court's determinations of "prevailing party" attorney's fees under 42 U.S.C. § 1988. *See Leffler v. Meer*, 936 F.2d 981 (7th Cir.1991) (*Leffler I*).

The underlying lawsuit which spawned this fee litigation involved the 1984 suicide of Mark Leffler, a pre-trial detainee in the Decatur County, Indiana jail. The decedent's parents filed suit in the district court pursuant to 42 U.S.C. § 1983, seeking compensatory damages of $500,000 and $1 million in punitive damages for the estate of Mark Leffler, and $300,000 in compensatory damages for the parents. The amended complaint named as defendants Ralph Meer, in his individual capacity and his official capacity as Sheriff of Decatur County, eight sheriff's deputies and dispatchers ("the deputies"), and the three County Commissioners of Decatur County. The Sheriff and the deputies were charged with failure to maintain proper surveillance to prevent the suicide, and the Commissioners were alleged to have failed to provide funds for adequate personnel and a video monitoring system.

The district court held a jury trial, and at the end of their case, plaintiffs dismissed all claims against the deputies. The district court also granted the Commissioners' motion for a directed verdict. The jury returned a verdict against Meer, in his official capacity, for $3,000 in compensatory damages. In addition, each of the parents were awarded $15,000 in punitive damages against Meer in his individual capacity. None of the verdicts were appealed.

Plaintiffs then sought payment of their attorney's fees pursuant to 42 U.S.C. § 1988[1] The district court awarded plaintiffs' attorney's fees and expenses of $46,590.25, although plaintiffs had requested just under $100,000. The district court also ruled that

the Commissioners had been frivolously joined as defendants, and were entitled to attorney's fees as prevailing parties. The deputies requested fees both under § 1988 and as sanctions pursuant to Rule 11, but the court denied both requests. The district court's order also stated that the fees owed to the Commissioners "may be treated as a credit" against the plaintiffs' attorney's fees, "unless a party objects to such method of concluding this action." (Tr. Vol. 2, Doc. #5, p. 12).

Plaintiffs appealed the attorney's fees set-off issue, and the two attorney's fees awards. The deputies cross-appealed the denial of their attorney's fees. This Court denied plaintiffs' appeal of their reduced award of attorney's fees, and the deputies' cross-appeal of the denial of attorney's fees. *Leffler I*, 936 F.2d at 984–86, 988. We vacated that portion of the order which awarded the Commissioners their entire attorney's fees and expenses of $16,834.88, and remanded the issue to the district court to determine at what point the action became frivolous, and to adjust the award of attorney's fees accordingly. *Id.* at 986–88. This Court also ruled that the set-off of the Commissioners' fees against the plaintiffs' award was improper. *Id.* at 987.

After the appeal, plaintiffs petitioned the district court for an additional $48,226.44 in fees for prosecuting the appeal, defending the cross-appeal, and filing a supplemental fee request. Plaintiffs sought to conduct additional discovery on the issues regarding the award to the Commissioners. Upon the Commissioners' motion, the district court entered an order quashing the deposition subpoenas for each of the three Commissioners and their attorney, pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iv), and granted a protective order postponing the depositions until the court ruled on other pending motions. The district court held a hearing to determine plaintiffs' additional request and to adjust the award to the Commissioners in accordance with the opinion of this Court. The district court

---

* The Honorable William D. Stiehl of the United States District Court for the Southern District of Illinois, sitting by designation.

1. Section 1988 states that in an action to enforce a provision of § 1983 of the Civil Rights Act of 1964, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

concluded that: (1) plaintiffs were not entitled to an award of additional prevailing party attorney's fees; and (2) under Indiana law, the action against the Commissioners became frivolous when the amended complaint was filed, but since the Commissioners failed to mitigate their attorney's fees by not filing a motion for summary judgment, the Commissioners were entitled to only $3,702.93 in fees and expenses. Plaintiffs appeal both rulings regarding fees, and the order which quashed the subpoenas and entered a protective order.

### A. *Disallowance of Plaintiffs' Attorney's Fees on Appeal*

Plaintiffs assert that the district court erred in denying their petition for attorney's fees and costs incurred in prosecuting the first appeal and the second fee request, and defending the cross-appeal. The district court denied plaintiffs' petition on the grounds that the appeal did not vindicate the type of § 1983 rights for which fees are available, and that plaintiffs were not prevailing parties under § 1988. The district court also ruled that plaintiffs' petition must be denied in light of the *Leffler I* court's directive that "[t]he parties shall bear their own costs." *Id.* at 988.

■ The standard of review governing a denial of attorney's fees under § 1988 is whether the trial court abused its discretion in denying the award. *Libby by Libby v. Illinois High School Ass'n*, 921 F.2d 96, 98 (7th Cir.1990); *Unity Ventures v. County of Lake*, 894 F.2d 250, 254 (7th Cir.1990). An abuse of discretion exists where no reasonable person could take the view espoused by the district court. *Leffler I*, 936 F.2d at 984; *Libby*, 921 F.2d at 98. This deferential standard of review is necessary to protect the district court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), *quoted in Leffler I*, 936 F.2d at 984–85. The same rules that govern § 1988 fee awards through trial also apply to claims for fees incurred on appeal or in preparing a fee request. *See In re Burlington*

*Northern, Inc., Employment Practices Litigation*, 832 F.2d 430 (7th Cir.1987).

■ Plaintiffs contend that the district court abused its discretion in denying their petition for fees. Citing *Iqbal v. Golf Course Superintendents Ass'n of Am.*, 900 F.2d 227 (10th Cir.1990), plaintiffs argue that the proper analysis of their claim should be guided by a "fundamental fairness" approach, and not the prevailing party standard. However, *Iqbal* does not support plaintiffs' position, as the opinion clearly followed the prevailing party standard. *Id.* at 228. Section 1988 mandates that a plaintiff must be a prevailing party to qualify for attorney's fees. *Farrar v. Hobby*, — U.S. —, —, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992).

■ Throughout their brief, plaintiffs characterize their first appeal as successful on three of the four issues presented: (1) the remand to adjust the award of fees to the Commissioners; (2) the defense of the cross-appeal of the deputies; and (3) the ruling that a set-off of attorney's fees was improper. Regardless of whether plaintiffs may have enjoyed some success on these issues, they must satisfy the threshold requirement of prevailing party status to be eligible for an award under § 1988. *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989). The general definition of the term "prevailing party" requires that the plaintiff succeed on a significant issue in the lawsuit which achieves at least some of the benefit sought in bringing the action. *Farrar*, — U.S. at —, 113 S.Ct. at 572; *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. More specifically, "liability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985), *quoted in Farrar*, — U.S. at —, 113 S.Ct. at 572. "The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."

*Farrar,* — U.S. at —, 113 S.Ct. at 573 (citations omitted).

During the first appeal, plaintiffs successfully defended the cross-appeal of the deputies, and secured a remand on the issue of the size of the award to the Commissioners. These two rulings only affected plaintiffs' liability for attorney's fees to the deputies and the Commissioners. Plaintiffs did not succeed on the merits against the deputies or the Commissioners, and therefore cannot be prevailing parties entitled to recover fees from these defendants. *See Farrar,* — U.S. at —, 113 S.Ct. at 572–73. Similarly, this Court's ruling that the attorney's fees owed to the Commissioners could not be set-off against the fees owed to plaintiffs was unrelated to the merits of plaintiffs' claim. This issue was certainly not significant, nor was it a benefit the plaintiffs sought in bringing the action. *See id.* — U.S. at —, 113 S.Ct. at 572. In actuality, this ruling could potentially harm the plaintiffs to the benefit of their attorneys, because *Leffler I* clarified that any assessment under § 1988 must be against the parties, not the parties' attorneys. *See Leffler I,* 936 F.2d at 987.

Plaintiffs also claim entitlement to fees incurred on appeal for prosecuting the appellate claim that the district court erred in its fee award to plaintiffs. In *Leffler I,* we affirmed the district court's award to plaintiffs. 936 F.2d at 985–86. Because the reasonableness of a fee hinges in part upon the success achieved by the services rendered, a lack of success in obtaining additional fees is material to determining the size of a fee on appeal. *Ustrak v. Fairman,* 851 F.2d 983, 990 (7th Cir.1988). *See also Muscare v. Quinn,* 680 F.2d 42, 44–45 (7th Cir.1982).

A similar situation arose in *Muscare,* where the district court first awarded plaintiff $25,000 of the $41,000 in fees requested. 680 F.2d at 43. The defendant successfully appealed the fee award, and upon remand, the district court reduced the award to $8,000. *Id.* at 44. The plaintiff did not appeal the award, but petitioned for an additional $10,000 in fees incurred in litigating the fees claim. *Id.* The district court awarded the plaintiff nothing, and this Court

affirmed, noting that a contrary ruling would turn every civil rights action into "a nest of Chinese boxes" involving endless rounds of fee litigation. *Id.* The *Ustrak* court stated that "[a] civil rights plaintiff who, having won a judgment in the district court, appeals, seeking a greater victory—and fails utterly in this appeal—will be hard pressed to demonstrate an entitlement to his attorney's fees on appeal, even though he remains the prevailing party in the underlying litigation." 851 F.2d at 990. Plaintiffs failed in their attempt to increase their fee award, and Meer should not be held accountable for the fees incurred in the appeal or the second fee request. The district court acted well within its discretion in denying plaintiffs' petition for attorney's fees and expenses incurred in prosecuting the appeal and the second fee request, and defending the cross-appeal.

Because the Court affirms the district court's ruling for the reasons stated above, it is not necessary to decide the issue of whether plaintiffs' fee request was foreclosed by this Court's previous directive that "[t]he parties shall bear their own costs." *Leffler I,* 936 F.2d at 988.

**B. *Prevailing Defendant Attorney's Fees for the Commissioners***

Plaintiffs also appeal the district court's award of $3,702.93 in attorney's fees and expenses to the Commissioners. In *Leffler I,* we remanded this issue to the district court to adjust the fee award by determining at what point the action against the Commissioners became frivolous, and whether the Commissioners failed to mitigate their attorney's fees. 936 F.2d at 988. In accordance with the directions of the *Leffler I* court, the district court found that the action against the Commissioners became frivolous at the time of filing of the amended complaint, and that the Commissioners failed to mitigate their fees by neglecting to file a motion for summary judgment at the time the other defendants filed similar motions, thereby rendering any fees incurred after that date unrecoverable.

The district court thoroughly discussed the various Indiana statutes defining the powers of several county governmental bodies.

Plaintiffs' amended complaint alleged that the Commissioners breached their duty by failing to hire additional jail personnel and to expend funds to install surveillance cameras. Citing a test articulated in *Simmons v. City of Philadelphia,* 947 F.2d 1042 (3d Cir.1991), *cert. denied,* 503 U.S. 985, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992),[2] plaintiffs contend that they advanced a tenable theory against the Commissioners. In *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481–83, 106 S.Ct. 1292, 1299–1300, 89 L.Ed.2d 452 (1986), the Court stated:

> [W]e hasten to emphasize that not every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final governmental policy respecting such activity before the municipality can be held liable.

*Id.* (citations omitted). Although the district court did not cite *Pembaur,* it ruled that the County Council held the decisionmaking power in the areas in which the Commissioners were alleged to have caused decedent's death.

As the district court noted, IND.CODE § 36–2–5–3 empowers the County Council to "[f]ix the number of officers, deputies and other employees; ...." Under this statute, the County Council clearly possesses the final decisionmaking authority to determine the number of jailers and deputies. As a result, plaintiffs could not have established municipal liability through the Commissioners' failure to hire additional personnel.

Plaintiffs also proceeded against the Commissioners on the theory that they willfully failed to expend funds for a video surveillance system. However, plaintiffs' own

amended complaint undercuts this theory, as it alleged:

> That on [or] about September 5, 1984, the Defendant Sheriff Meer had requested of the County Commissioners through the appropriate budget requests that he be provided sufficient funds to purchase video surveillance equipment and outside fencing. He also had requested permission to hire three permanent jailers and two full-time deputies. All of these items were denied *by the County Council* during their Tuesday, September 4, 1984 meeting.

(Tr.Vol. 3, Doc. # 73, ¶ 36) (emphasis added). Plaintiffs directly asserted that the County Council, not the Commissioners, rejected the appropriation of funds to purchase video equipment. In light of this assertion and IND.CODE § 36–2–5–2, which authorizes the County Council to appropriate money, the Commissioners did not cause the alleged constitutional deprivations. In addition, plaintiffs have not demonstrated that the Commissioners possessed such final decisionmaking authority to allow the imposition of municipal liability. Further explication of the Indiana statutory scheme defining county governmental bodies is not warranted. Therefore, the district court's award of $3,702.93 in attorney's fees and expenses to the Commissioners was not an abuse of discretion.

## C. The District Court's Order Denying Discovery

■ Plaintiffs also argue that the district court abused its discretion in quashing the subpoenas and entering a protective order which precluded deposing the Commissioners and their attorney before the hearing. District courts enjoy extremely broad discretion in controlling discovery. *Jurcev v. Central Comm. Hosp.,* 7 F.3d 618, 627 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994). We will reverse a district court's exercise of discretion on discovery matters only upon a showing of a clear abuse of discretion, and that denial of the requested discovery "would result in actual and substantial prejudice to the com-

---

**2.** *Simmons* had not been decided at the time the amended complaint was filed, or before the trial

of this case.

plaining litigant." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir.1985), *quoted in Jurcev*, 7 F.3d at 627.

█ The district court's ruling as to prevailing defendant attorney's fees for the Commissioners was based upon issues which are unaffected by the lack of discovery. The district court ruled that the Commissioners did not mitigate their attorney's fees, and plaintiffs have not identified how this ruling would have been more favorable had discovery been allowed. Thus, plaintiffs have not demonstrated prejudice from the district court's order. In addition, the district court undoubtedly considered the duration of this fee litigation in deciding to preclude further discovery. This Court has previously recognized the seemingly infinite course that fee litigation too often follows. *See Ustrak*, 851 F.2d at 987; *Muscare*, 680 F.2d at 44. Under the deferential abuse of discretion standard, we view the district court's order as a merciful effort to limit additional expenditures of fees. Thus, the district court did not abuse its discretion in limiting discovery.

For all of the foregoing reasons, the judgment of the district court is

AFFIRMED.