Geraldine SPELLAN and John Spellan, Plaintiffs–Appellants,

v.

BOARD OF EDUCATION FOR DISTRICT 111, Thomas J. Clemente, in his official and individual capacity, William J. Schlosser, et al., Defendants–Appellees.

No. 94–3575.

United States Court of Appeals, Seventh Circuit.

Nov. 6, 1995.

Mary D. Cahill, Susan Einspar–Wayne, Hinsdale, IL, Bonnie L. Beck–Fries, Summit, IL, for Plaintiffs–Appellants.

Robert H. Ellch, Joanne W. Schochat, Scariano, Kula, Ellch & Himes, Chicago, IL, Jon G. Crawford, Scariano, Kula, Ellch & Himes, Chicago Heights, IL, for Defendants–Appellees.

Before CUMMINGS, ESCHBACH and RIPPLE, Circuit Judges.

PER CURIAM.

This case is before the court on the motion of the appellants for attorneys' fees. For the reasons set forth in the following opinion, we deny the motion without prejudice to its renewal after the district court has concluded its consideration of the attorneys' fees in the underlying action.

We addressed the matter of attorneys' fees in the underlying action in *Spellan v. Board of Education*, 59 F.3d 642 (7th Cir.1995). Familiarity with that opinion is assumed, and we shall not elaborate on that decision here. For present purposes, it is sufficient to note that we vacated the award of attorneys' fees and remanded the matter to the district court for further consideration. We made it clear, however, that our action ought not be construed as the expression of a view on the amount of attorneys' fees that ought to be awarded by the district court. We said explicitly that that matter was within the sound discretion of the district court.

■■■ The appellants now ask that we award attorneys' fees for their efforts on the appeal of the district court's initial award of attorneys' fees. We believe that this motion is premature. It is well-established that, in assessing the appropriate amount of an attorneys' fee award for litigating fee awards, the principles governing fee awards set forth in the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), are applicable. *See In re Burlington Northern, Inc., Employment Practices Litigation*, 832 F.2d 430, 434–35 (7th Cir.1987). Under the approach mandated by *Hensley*, the final award must be reasonable in light of the success achieved. *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941. Therefore, the appellants' degree of success in obtaining additional fees is a material consideration in adjudicating the amount of fees recoverable in litigating an attorneys' fee award. *Leffler v. Meer*, 60 F.3d 369, 373 (7th Cir.1995). *See also Muscare v. Quinn*, 680 F.2d 42, 44 (7th Cir.1982) (reasonableness of a fee award in a fee appeal brought by a civil rights plaintiff is to be determined "in light of all the circumstances of a case.").

On the record before us, the appellants have not established that their efforts to obtain a fee greater than the fee originally awarded by the district court have been successful. Unlike the situation in *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir.1988), our previous decision in this case did not result in a definitive adjustment of the attorneys' fees [1] or in a substantially successful defense by an appellee of fees previously awarded by the district court.[2] Rather, we simply required that the district court revisit its earlier determination of fees; we made clear that our decision was not intended to indicate any view with respect to the amount of the ultimate award.

Accordingly, the motion for attorneys' fees is denied without prejudice.

MOTION DENIED

---

1. *Cf. Nanetti v. University of Illinois at Chicago*, 944 F.2d 1416, 1422 (7th Cir.1991) (awarding attorneys' fees in fee appeal because court could determine plaintiff's degree of success).

2. *Cf. Jackson v. Illinois Prisoner Review Board*, 856 F.2d 890, 896 (7th Cir.1988) (following *Ustrak* and noting that the appellee was the prevailing party below and thus was entitled to fees incurred in defense of the district court's fee award).