**Louis SCHNEIDER, Plaintiff–Appellant,**

v.

**COUNTY OF SAN DIEGO, and Reybro, Inc., a California corporation, dba; Quality Auto Recycling, Defendants–Appellees.**

Nos. 00–55798, 00–56329.

D.C. No. CV–90–1738–H.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided March 21, 2002.

Before WARDLAW, PAEZ, and TALLMAN Circuit Judges.

MEMORANDUM *

In these consolidated appeals, Louis Schneider challenges the district court's award of fees and costs pursuant to 42 U.S.C. § 1988. Schneider also requests fees for these appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ After over a year of fee litigation, the district court awarded Schneider $305,617.30 out of his requested $707,375.74 in attorney's fees and expenses

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

in a case where the total amount of the underlying judgment was $67,795.50. In cases brought under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee...." 42 U.S.C. § 1988(b). The district court followed the well-established procedure for determining reasonableness by analyzing the lodestar for those fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We review the award for an abuse of discretion, noting that the district court may "in rare cases ... make upward or downward adjustments to the presumptively reasonable lodestar" on the basis of a series of factors, including the delay in payment and the plaintiff's overall success in pursuing the litigation. *Gates v. Deukmejian,* 987 F.2d 1392, 1396, 1402 (9th Cir.1993). Moreover, the district court has "considerable discretion in determining what attorney's fee is 'reasonable' under the circumstances of [the] case." *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 901 (9th Cir. 1995).

Schneider contends that the district court legally erred in five ways, each of which undermines the award: (1) deciding the fee motion based on its own *sua sponte* objections; (2) adopting a "fair" hourly rate for various timekeepers' services, rather than using Schneider's proposed market rates; (3) failing to award Schneider a full ten percent upward adjustment to account for delay in payment; (4) improperly adjusting the lodestar downward to reflect Schneider's limited success; and (5) failing to award fees incurred for the litigation of the fee petition ("fees-on-fees"). We conclude that the district court did not abuse its discretion in finding that, under the totality of the circumstances and utilizing the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975),[1] a fair and reasonable award of fees and costs is $305,617.30.

■ Schneider's first argument, that the district court *sua sponte* made and ruled upon its own objections to law student rates, contemporaneous billing records, the rates at which Schneider paid contract lawyers and paralegals, and correspondence between himself and his lawyer regarding billing, is factually incorrect. In fact, the County repeatedly made oral and written objections to these aspects of the claimed attorney's fees. His second argument, that rates customarily billed by Schneider's counsel should be determinative of the court's finding with respect to hourly rates, is wrong as a matter of law. *See Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir.1997) (consideration of attorney's expertise and experience in application of the prevailing rate for similarly qualified local counsel is well-established approach in the Ninth Circuit); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party."). Because the district court did not clearly err in finding that local counsel was available, willing, and able to handle this case, it did not abuse its discretion in applying rates comparable to the rates charged for similar services in the San Diego legal community.

■ Schneider's third argument, that the district court abused its discretion by refusing to adjust the lodestar upward to account for delay in payment of fees by a ten percent rate of interest, is both factually and legally erroneous. The district court in fact awarded a 4.545% rate of

1. Although we have noted that the *Kerr* approach is "disfavored," the district court's reliance upon it is harmless error in view of its correct application of subsequent cases. *Corder v. Gates,* 947 F.2d 374, 378 (9th Cir. 1991).

interest for work performed in the early stages of litigation and awarded current rates of interest for work performed at later stages. It is not an abuse of discretion to utilize different methods in compensating for delay at different stages of the litigation. *See Chem. Bank v. City of Seattle (In Re Washington Pub. Power Supply Sys. Sec.)*, 19 F.3d 1291, 1305 (9th Cir.1994) (a district court is "free to use *either* current rates for attorneys of comparable ability or experience or historical rates coupled with a prime rate enhancement" for different stages of the litigation).

■ Nor did the district court abuse its discretion in adjusting the lodestar downward based on Schneider's limited success on the merits of the litigation. *Hensley*, 461 U.S. at 434. Schneider failed on several of his original claims, did not prevail against ten of the twelve original defendants, and did not recover a large portion of his originally claimed damages, including punitive damages, damages for emotional distress, and lost income and profits. These claims involved a common core of facts and were based on legal theories related to the claims upon which Schneider succeeded. *See Hensley*, 461 U.S. at 435. Moreover, the district court reduced the lodestar for the first phase of the litigation only, which was the phase in which Schneider pursued his unsuccessful claims. This was not an abuse of its discretion. *See McGinnis v. Kentucky Fried Chicken*, 51 F.3d 805, 810 (9th Cir.1994) (ordering the district court to "reduce the attorney's fees award so that it is commensurate with the extent of the plaintiff's success").

■ Finally, the district court was well within its discretion to decline to award additional "fees-on-fees." The district court compensated Schneider for fees for the preparation of the initial fee request in the amount of $8,400, declining only to award fees for Schneider's motion to reconsider and subsequent fee litigation.

The district court did not err in finding that Schneider's counsel failed to minimize the hours spent in preparing the fee petition, delegate tasks that could have been performed by associates at a lower rate, and present all documents relevant to the fee petition with the initial motion. It correctly concluded that the request was therefore unreasonable under the standards set by law, reasoning, "to permit an award of additional fees-on-fees in these circumstances gives parties an incentive to draw out the fee litigation."

As the Supreme Court has stated, "no award of fees is 'automatic'.... Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Commissioner, INS v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The district court had previously determined what constituted a reasonable award; it did not abuse its discretion in concluding that any additional amounts would be excessive. *See id.* at 161–62 (fee shifting statutes favor treating a case as an "inclusive whole"). We share the sentiment expressed by the Seventh Circuit in *Muscare v. Quinn*, 680 F.2d 42, 44 (7th Cir.1982), that "[f]or rather obvious practical reasons we are loath to disturb a ruling by a district judge on a request for second-round attorneys' fees"

Finally, Schneider claims entitlement to attorney's fees and costs on appeal. Because Schneider did not prevail on the merits of these appeals, we decline to award attorney's fees and costs. *See Trevino v. Gates*, 99 F.3d 911, 926 (9th Cir. 1996).

AFFIRMED.