**Stanley KOSYLA and Steven Kosyla, Plaintiffs–Appellants/Cross–Appellees,**

**v.**

**John GRIZZOFFI and Ralph Kolb, Defendants–Appellees/Cross–Appellants.**

**Nos. 01–2940, 01–2968.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Oct. 24, 2002.

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Father and son Stanley and Steven Kosyla sued Chicago police officers John Grizzoffi and Ralph Kolb under 42 U.S.C. § 1983 for falsely arresting both of them and using excessive force to arrest Steven. Following a bench trial, the district court judge found for Officers Grizzoffi and Kolb, but denied their motion for attorney's fees. The Kosylas appeal various factual, evidentiary, and legal rulings from the trial, and Grizzoffi and Kolb cross-appeal for attorney's fees. Because the

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

judge did not err as to any of the contested trial rulings and did not abuse his discretion in denying attorney's fees, we affirm.

While driving a limousine at O'Hare International Airport for ABA Limousine Service, Stanley Kosyla approached Ray and Anita Theis, who were waiting on the curb for their pre-arranged driver from Express Limousine Company. Stanley identified himself as their driver. Chicago municipal law prohibits soliciting limousine clients at the airport. CHICAGO, IL., CODE §§ 10–36–270, 9–112–340. Ground control official Patricia Cook noticed the Theises getting into Stanley's car and questioned him about whether he was authorized to provide limousine service to the Theises. Stanley and Cook began to argue, and Cook took hold of Stanley's car door to prevent him from driving away. Stanley pushed Cook away from his car and drove away with the Theises.

As Stanley drove them home, the Theises became suspicious as to whether he was their pre-arranged driver. Their suspicions mounted when Stanley asked for payment in cash, rather than by check, as Express Limousine usually requested. After Stanley dropped them off, Mr. Theis contacted Express Limousine to find out if it employed Stanley. When Express told Theis that it did not, Theis called Cook to report the situation. Cook then contacted the Chicago police to report that she was a victim of battery and that Stanley had illegally solicited the Theises. A police officer interviewed Cook and filed a case report.

Two weeks later Stanley returned to O'Hare in his limousine. Apparently a City of Chicago employee identified Stanley (the record does not reflect how the employee recognized him), stopped him, and called for the police. When Officer Grizzoffi arrived, Cook, who had also arrived on the scene, identified Stanley and said that she was willing to sign a complaint against him. Grizzoffi arrested Stanley, sent him to the O'Hare police station for processing, and charged him with misdemeanor battery and solicitation of passengers.

After not hearing from Stanley for an unspecified duration, his wife Joyce and son Steven went to the O'Hare police station. In response to Joyce's inquiries, Officer Grizzoffi told her that he had arrested Stanley but refused to identify the complaining witness. When Steven demanded more information, Grizzoffi asked him to leave the station. Although Joyce suggested that they leave, Steven repeated his demand in a loud and hostile tone, swore at Grizzoffi, and stated that he would not leave until he had an answer. During this exchange, Cook was standing on the other side of a wall from Steven, out of his line of sight. Grizzoffi told Steven that he was under arrest. Hearing loud voices, Officer Kolb came out from his office to the information desk. Steven then started walking toward an exit, and Grizzoffi and Kolb followed him. Steven grabbed onto the handrail in an exit stairwell, but the two officers gripped Steven's hands and sweatshirt and forced him back into the station and into a holding cell with Stanley. Steven disputes that Grizzoffi placed him under arrest before he tried to leave and claims that the officers choked him. Grizzoffi charged Steven with disorderly conduct. After complaining of injuries, Steven was taken to a local hospital, where medical personnel found that Steven had been bruised during the arrest.

The record provides no details, but the charges against the Kosylas apparently were dismissed. The Kosylas subsequently brought this action in federal court under 42 U.S.C. § 1983 for false arrest and

excessive use of force. Following a bench trial on their § 1983 claims, the district court judge found that Grizzoffi reasonably believed that he had probable cause to arrest Stanley and that Grizzoffi and Kolb reasonably believed that they had probable cause and used reasonable force to arrest Steven.

Although they do not attach particular importance to any one finding, on appeal the Kosylas challenge a litany of the judge's findings of fact, such as Stanley pushing Cook away from his car, Stanley not being the Theises' pre-arranged driver, Joyce and Steven asking for the name of the complaining witness, and Steven arguing with Officer Grizzoffi. Our review of factual findings, however, is extremely deferential: as the rule puts it, "[f]indings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses," Fed.R.Civ.P. 52(a). Furthermore, "[w]hen a district court chooses between two permissible views of the evidence, its decision between the two views cannot be clearly erroneous." *See United States v. Bd. of Educ. of the Consolidated H.S. Dist. 230, Palos Hills*, 983 F.2d 790, 796 (7th Cir. 1993). Here, the judge chose between the Kosylas' and the officers' accounts of the facts based on the credibility of the witnesses whom he observed at trial. Under these circumstances, we do not find any of the contested findings of fact to be clearly erroneous.

■ The only evidentiary challenge that the Kosylas develop is that the judge should have excluded Cook's observations of Stanley's alleged offenses as hearsay because she was not able to testify at trial due to illness. Because the officers' probable cause determinations were a central issue in the trial, Cook's statements were offered not for their truth, but rather for

their effect on Grizzoffi's probable cause determination, and therefore are not hearsay. *See Woods v. City of Chicago*, 234 F.3d 979, 986–87 (7th Cir.2000). Therefore, the judge did not abuse his discretion in admitting the testimony. *See Hasham v. California State Board of Equalization*, 200 F.3d 1035, 1048 (7th Cir.2000).

The Kosylas spend most of their appeal challenging the judge's conclusion that the officers reasonably believed they had probable cause to arrest Stanley and Steven. We review conclusions as to probable cause *de novo* because of their constitutional significance. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir.1998). The Supreme Court has defined probable cause as "facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Woods*, 234 F.3d at 996 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111–12, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)).

■ Stanley argues that Grizzoffi did not have probable cause to arrest him because he did not have a warrant, a complaint, or first-hand knowledge that Stanley had committed a crime. Contrary to Stanley's assertions, however, the Fourth Amendment does not mandate that an officer personally observe the crimes or obtain a warrant or signed complaint before arresting a person in a public place for misdemeanor offenses. *See Woods*, 234 F.3d at 995. Rather, an identification or report from a credible victim or eyewitness, without any further investigation by the police, can provide the basis for probable cause. *Id.* at 996–97. Given that Cook identified Stanley and reported that he had both committed battery against her and solicited the Theises, Grizzoffi could

reasonably believe that he had probable cause to arrest Stanley.

■ Steven also argues that the officers did not have probable cause to arrest him. Under Illinois law, "[a] person commits disorderly conduct when he knowingly: (1) Does any act in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26–1. Steven argues that because no other person was present for him to "alarm or disturb" when he was arguing with Grizzoffi, the officers lacked probable cause to arrest him for disorderly conduct. Although arguing with a police officer is alone insufficient to constitute disorderly conduct under Illinois law, other circumstances, including the "argument's tendency to create a public disorder," can elevate the altercation to disorderly conduct. *Humphrey*, 148 F.3d at 726–27. Furthermore, "[i]f an officer has reasonable grounds to believe that further trouble will ensue, he need not wait for the trouble to erupt, but may take lawful steps to prevent the problem." *Id.* at 728. Here, although Steven could not see her, Cook was standing on the other side of the wall when Grizzoffi and Steven were arguing. Given Steven's hostile demand for the complaining witness' name and his threat that he would not leave until he had an answer, the officers could reasonably believe that the argument might get out of control and threaten Cook. *See Humphrey, id.* (holding that an officer could reasonably believe that he had probable cause to arrest for disorderly conduct where an individual argued with officers as they tried to arrest another person); *Biddle v. Martin*, 992 F.2d 673, 677–78 (7th Cir.1993) (similar holding where individual "launched into ten-minute tirade" as officers tried to tow his van).

Proceeding to the officers' cross-appeal for attorney's fees,[1] we review the denial of attorney's fees for abuse of discretion. *Leffler v. Meer*, 60 F.3d 369, 372 (7th Cir.1995). Although district courts may award attorney's fees to the "prevailing party" in a civil rights action, *see* 42 U.S.C. § 1988(b), prevailing defendants have never been entitled to the same treatment as prevailing plaintiffs. *Coates v. Bechtel*, 811 F.2d 1045, 1049 (7th Cir.1987). It is not enough for the plaintiffs to lose-prevailing defendants must show that the plaintiff's action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so . . . .[t]he plaintiff's action must be meritless in the sense that it is . . . without foundation." *Munson v. Milwaukee Bd. of School Direc.*, 969 F.2d 266, 269 (7th Cir. 1992) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14–15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)).

■ The officers cannot show that the Kosylas' claims were groundless. First, the court did not dismiss or grant summary judgment against the Kosylas' claims; their claims were plausible enough to proceed to trial. *See Hughes, id.* at 15–16 (amount of time that district court devotes to the claims is a factor to be considered in judging whether the claims are groundless). Second, the Kosylas' claims were not speculative. Rather, the Kosylas challenged the officers' probable cause and use-of-force determinations based on disputed facts, and thus, had some "factual basis to support [their] allegation[s]." *Munson*, 969 F.2d at 270 (holding that the plaintiff's claim was frivolous because it was based on "mere speculation").

The officers present a stronger argument that the Kosylas' claims about Officer Kolb were frivolous, as the Kosylas

---

1. The Kosylas do not address the officers' appeal for attorney's fees in their brief.

implicated Kolb in both arrests even though he was involved only in Steven's arrest. Because the district judge considered this problem in his ruling yet still declined to award attorney's fees (because being named in the additional arrest probably did not create much additional legal cost for Kolb), we cannot conclude that the judge abused his discretion in denying attorney's fees, even as to Kolb.

AFFIRMED.